■ LINDA I. LUCE-METCALF, Formerly Known as LINDA I. DIGATI, Respondent, v CHARLES P. DIGATI, Appellant. [792 NYS2d 267]—

Appeal from an order of the Supreme Court, Steuben County (Peter C. Bradstreet, A.J.), entered August 5, 2004. The order granted plaintiff's postdivorce motion insofar as determining that plaintiff's right to collect one half of the net proceeds of any future sale of the marital residence, as set forth in the parties' separation agreement, remained in full force and effect and providing that the net proceeds from any future sale of the former marital residence shall be divided between the parties in accordance with the separation agreement.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is denied.

Memorandum: The parties entered into a separation agreement in 1989 and were divorced in 1995. By the terms of the separation agreement, incorporated but not merged into the judgment of divorce, defendant retained the right to occupy the marital residence, owned by the parties during the marriage as tenants by the entirety, until his death or removal from the

premises, at which juncture the premises were to be sold and one half of the net proceeds distributed to plaintiff. In 1998, the parties jointly conveyed the premises to their son for a nominal consideration, reserving a life estate to defendant. One year later, the son conveyed his remainder interest in the premises to defendant alone.

Plaintiff then moved in Supreme Court, which had granted the divorce, for an order compelling defendant to convey the premises to plaintiff and defendant, as a means of enforcing what plaintiff considered to be her continuing right under the separation agreement to share in the proceeds of any future resale of the premises. The court adjudged that plaintiff's right to collect one half of the net proceeds of any future sale of the subject property, as set forth in the separation agreement, remained in full force and effect, and the court further ordered that, upon a future sale of the premises, defendant shall share the proceeds with plaintiff pursuant to the terms of the separation agreement.

We conclude that the court erred in determining under the circumstances that plaintiff retained any interest in the premises or any right under the separation agreement to share in the proceeds of any eventual resale. In joining in the conveyance of the premises to her son, plaintiff alienated all of her right, title, and interest in the premises (*see* Real Property Law § 245). Concomitantly, plaintiff relinquished any expectancy in the proceeds of any future sale, thereby modifying the separation agreement to a corresponding extent, waiving her rights thereunder, and releasing defendant from his obligations thereunder (*see generally W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]; *Eagle Comtronics v Pico Prods.*, 270 AD2d 832, 833 [2000]). Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Lawton and Hayes, JJ.